**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NAKED JUICE CO. OF GLENDORA, INC.,<br>Plaintiff<br><br>v.<br><br>NAKED WHEY, INC., *d/b/a* NAKED NUTRITION,<br>Defendant | No. 26 CV 3740<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendant's motion to dismiss [13] is denied. The defendant shall answer the complaint on or before September 11, 2026. The September 10, 2026, status hearing is stricken. Scheduling conference set for October 8, 2026, at 2:30 p.m. The parties shall confer pursuant to Fed. R. Civ. P. 26(f) on or before September 17, 2026. The parties shall file their Rule 26(f)(2) report on or before October 1, 2026. The parties' report should include proposed deadlines: to join parties; to amend the pleadings; close of fact discovery; close of expert discovery; to file Daubert motions; and to file dispositive motions. Each party shall make its Rule 26(a)(1) initial disclosures on or before October 1, 2026. The scheduling conference will be held via WebEx using the following link: https://us-courts.webex.com/meet/Judge_Daniel. Alternatively, if you do not have access to a device with video capability, you may use the following dial-in: (650)-479-3207, the access code is: 2315 750 8728.

## STATEMENT

### Background and Legal Standard

This case is before the Court on Defendant Naked Whey, Inc. d/b/a Naked Nutrition's motion to dismiss Plaintiff Naked Juice Co. of Glendora, Inc.'s complaint. (R. 13.) The events described herein are drawn from the complaint, (R. 1,) and are presumed true for the purpose of resolving this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff makes smoothies, fruit juices, and other products sold worldwide under its NAKED mark. (R. 1 ¶¶ 2, 14.)[1] Its products "are known for being nutritious" and

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

healthy, with some touted for providing "energy and nutritional benefits." (*Id.* ¶¶ 3, 12–13, 19–21.) Several of the plaintiff's products use energy-based phrases on packaging and marketing materials: "boost," "power up," "recharge," and "refuel," for instance. (*Id.* ¶ 21.) The plaintiff has sold its products in stores and online using its NAKED mark since 1984. (*Id.* ¶¶ 12–15.) As a result, the plaintiff alleges that consumers associate NAKED products with healthy beverages free of preservatives or added sugar. (*Id.* ¶¶ 2, 12–13.) The plaintiff owns several registered NAKED-related trademarks covering "non-alcoholic drinks, waters and specialty drinks, including smoothies and energy drinks." (*Id.* ¶ 16.)

Until 2025, the defendant primarily sold whey protein powder and related supplements. (*Id.* ¶¶ 4, 22.) After ten years of selling those products, the defendant began selling sparkling energy drinks ("Sparkling Energy") under the brand "NAKED." (*Id.* ¶ 23.) Sparkling Energy is a "fruit-based, ready-to-drink beverage." (*Id.* ¶¶ 5, 23–24.) The plaintiff alleges this is "essentially a fruit-flavored water, the exact product offered by" the plaintiff and sold in similar channels. (*Id.* ¶¶ 24–31, 43.) The plaintiff further alleges that Sparkling Energy's packaging (and related marketing) uses energy-related phrases like those on the plaintiff's products, includes pictures of fruit, emphasizes its nutritional benefits, and is disconnected from the defendant's branding of its other products. (*Id.* ¶¶ 25–30.) When customers search "Naked drinks" on Amazon, both parties' products appear at similar price points. (*Id.* ¶ 31.) The plaintiff alleges that this likely confuses consumers and leads them to believe the source of Sparkling Energy drink is the plaintiff. (*Id.* ¶ 5.)

The plaintiff brings claims for trademark infringement (Claim I), false association (Claim II), and trademark dilution (Claim III) under the Lanham Act. *See* 15 U.S.C. §§ 1114, 1125(a)(1)(A), 1125(c). It also alleges violations of the Illinois Uniform Deceptive Trade Practices Act (IUDTPA, Claim IV) and the Illinois Consumer Fraud and Deceptive Practices Act (ICFA, Claim V). *See* 815 ILCS 510/2 *et seq.*; *id.* § 505/1 *et seq*. The plaintiff brings additional claims for common law trademark infringement and unfair competition (Claims VI and VII). The defendant moves to dismiss the complaint for failure to state a claim. (R. 13); Fed. R. Civ. P. 12(b)(6).

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face, raising the right to relief above the speculative level. *Iqbal*, 556 U.S. at 678. The motion tests the sufficiency of the plaintiff's claims, not the merits of her case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). The Court "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff." *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512–13 (7th Cir. 2020) (citation omitted). Dismissal is appropriate only if the complaint lacks "'enough heft' to demonstrate that, if the allegations prove to be true," the plaintiff is not entitled to relief. *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1028 (7th Cir. 2024) (quoted source omitted).

**Analysis**

Claims I, II, VI, and VII. The defendant first argues that the plaintiff's trademark infringement, false association, and unfair competition claims fail to plausibly allege a likelihood of confusion. (R. 15 at 7–10, 14–15.) The defendant is correct that allegations supporting a likelihood of confusion are required for each of these claims. *Phoenix Ent. Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016) (trademark infringement and false designation under the Lanham Act); *AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 619 (7th Cir. 1993) (state law trademark claims mirror Lanham Act claims). "Whether consumers are likely to be confused about the origin of an alleged infringer's products or services is a question of fact" that requires consideration of seven non-dispositive factors. *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 845, 847 (7th Cir. 2023) (citations omitted). These factors include: (1) the similarity of the marks; (2) the similarity of the products; (3) the area and manner of use; (4) the degree of care exercised by consumers; (5) the strength of the senior user's mark; (6) the existence of actual confusion; and (7) the defendant's intent. *Id.* at 847.

The Court finds that the plaintiff's allegations on this element are sufficiently pled. The complaint alleges, for instance, that the parties both use a NAKED mark on fruit-based drinks that highlight nutritional benefits, both use similar language invoking energy in marketing and labeling, and appear side-by-side when searched for on Amazon. (*See* R. 1 ¶¶ 12–31.) The plaintiff further alleges that it owns a registered mark for NAKED that covers energy drinks, and that, due to usage over several decades, consumers associate NAKED branding with the plaintiff. (*Id.* ¶¶ 3, 16.) These allegations track many of the non-dispositive factors courts use to assess likelihood of confusion. *Grubhub Inc.*, 80 F.4th at 847. The defendant casts the plaintiff's allegations as "conclusory," but because they are supported with sufficient factual matter, the Court disagrees. The defendant also points out differences in the parties' respective products and marks and argues that the plaintiff has failed to provide "evidence" of confusion. (*See, e.g.*, R. 15 at 8–9, 14; R. 19 at 3–7.) But at issue is not the party's competing interpretations of similarity, but rather the adequacy of the plaintiff's allegations—not the evidence supporting those allegations. *Gociman*, 41 F.4th at 885. Reading the allegations most favorably to the plaintiff and drawing reasonable inferences in its favor, the plaintiff has pled with sufficient detail that consumers may think the products share a common source. Further, the Court is mindful that the likelihood of confusion test is fact-intensive and generally not amenable for resolution before discovery. *Grubhub Inc.*, 80 F.4th at 845. For these reasons, the Court denies the defendant's motion to dismiss Claims I, II, VI, and VII.

Claim III. The defendant next argues that the plaintiff's trademark dilution claim fails because its mark is not famous and the plaintiff has not alleged blurring. (R. 15 at 10–12.) The Lanham Act protects "famous" trademarks from uses that dilute its distinctive qualities. 15 U.S.C. § 1125(c). A "famous" mark is one that is "widely recognized by the general consuming public . . . as a designation of source of the goods

or services of the mark's owner." *Id.* § 1125(c)(2)(A). This determination is based on several statutory factors: the "duration, extent, and geographic reach" of the mark's advertising; the amount and scope of sales; the extent of actual recognition; and whether the mark is registered. *Id.* One form of trademark dilution is blurring, where consumers see a known mark used on different goods, causing the plaintiff's mark to lose its function as a unique identifier of source. *See Hugunin v. Land O' Lakes, Inc.*, 815 F.3d 1064, 1066–67 (7th Cir. 2016) (citation omitted).

Accepting the plaintiff's well-pled allegations as true, the plaintiff has plausibly alleged blurring and that its mark is famous. The plaintiff alleges that its NAKED mark has been in uninterrupted use since 1984, has been displayed on an array of products available to the public in stores and online, and has generated considerable sales, which track the statutory factors. (R. 1 ¶¶ 12–15.) The defendant notes that the plaintiff failed to provide consumer surveys or other indications of the mark's general recognition. (R. 19 at 8–9.) While those allegations may help buttress a claim for relief, they are not required, particularly given the plaintiff's other allegations supporting the fame of its mark. And even if the plaintiff faces an uphill battle to prove that its mark is famous, that task is for another day. As to blurring, for the same reasons explained above, the plaintiff has adequately alleged that each party's use of NAKED is similar, that their products appear together when searched for online, and that the Sparkling Energy labels are more closely associated with the plaintiff's brand as opposed to the defendant's. (*See, e.g.*, R. 1 ¶¶ 25, 31.) Accordingly, the Court denies the defendant's motion to dismiss Claim III.

<u>Claim IV.</u> The defendant argues that the plaintiff's IUDTPA claim fails because the allegations lack adequate factual support. (R. 15 at 12–13.) The parties agree that the plaintiff's IUDTPA claim rises and falls with its federal and common law trademark claims. *See Specht v. Google Inc.*, 758 F. Supp. 2d 570, 596 (N.D. Ill. 2010), *aff'd*, 747 F.3d 929 (7th Cir. 2014). Because the Court concluded that those claims survive dismissal, the plaintiff's IUDTPA claim does, too.

<u>Claim V.</u> The ICFA prohibits both deceptive and unfair business practices. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (quoted source omitted) (a plaintiff may "premise her claim on either deceptive conduct or unfair conduct (or both)"). To state an ICFA claim, a plaintiff must plausibly allege that "the defendant committed a deceptive or unfair act with the intent that others rely on the deception, that the act occurred in the course of trade or commerce, and that it caused actual damages." *Id.* (quoted source omitted). Because fraud is not an element of an "unfair practices" claim under ICFA, such a claim is not subject to Rule 9(b)'s heightened standard. *Id.* at 647 (citation omitted). Whether conduct is unfair turns on whether it: (1) offends public policy; (2) is "immoral, unethical, oppressive, or unscrupulous"; and (3) substantially harms consumers. *Id.* (quoted source omitted). An unfair acts claim may succeed even if all three factors are not satisfied. *Id.* As explained above, the plaintiff has alleged that the defendant's conduct is intentional

and is likely to confuse consumers, which may be unethical, immoral, or violate public policy. Further, its allegations support a reasonable inference that consumers are harmed when they purchase a product thinking it is the plaintiff's when it is really the defendant's. This is enough to satisfy the low notice-pleading standard, so the plaintiff has stated a claim under the unfair practices prong. *Id.*

To the extent that the defendant's one-sentence argument that causation is lacking is not waived, *see Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016), this argument ignores well-pled allegations of harm stemming from the defendant's use of NAKED. (R. 15 at 13; *see also, e.g.*, *id.* ¶¶ 5, 29–31.) And because the plaintiff has adequately pled its entitlement to relief under the unfair practices prong of ICFA, at this stage the Court need not address whether it also states a claim under the deceptive acts prong. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("[T]he question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief.") Accordingly, the Court denies the defendant's motion to dismiss Claim V.

Date: August 24, 2026

JEREMY C. DANIEL
United States District Judge